# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-40584
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2025

Lyle W. Cayce
Clerk

GREGG PAULSON,

*Plaintiff—Appellant*,

*versus*

JANE DOE 1, *Security Guard, Michael Unit*;
JANE DOE 2, *Security Guard, Michael Unit*; MAIL ROOM, *Michael Unit*;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:23-CV-70

---

Before SMITH, GRAVES, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Gregg Paulson, Texas prisoner #00825838, moves to proceed *in forma pauperis* ("IFP") on appeal following the dismissal of his 42 U.S.C. § 1983 complaint.  Through his IFP motion, Paulson challenges the district court's determination that the appeal is not taken in good faith.  *See Baugh v. Taylor*,

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40584

117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Paulson fails to argue substantively any of the issues that he lists in his IFP motion; although he references a separate appellate brief, our docket contains no such pleading.  *See* FED. R. APP. P. 28(a)(8); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  To the extent that Paulson attempts to incorporate by reference arguments that he raised in the district court, he may not do so.  *See Yohey*, 985 F.2d at 224-25.  He fails to identify a non-frivolous issue for appeal.  *See Howard*, 707 F.2d at 220.

Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  This dismissal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  We WARN Paulson that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).